STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-132

ELEANOR ANN DAVIS ELDERS, ET AL.

VERSUS

UNOPENED SUCCESSION OF OLGA K. DAVIS

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 42615
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, Elizabeth A. Pickett, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Amy, J. , dissents and assigns reasons.
Pickett, J., dissents for the reasons assigned by Judge Amy.

J. W. Seibert, III
Seibert & Gibbs, P.A.
Post Office Box 2038
Vidalia, LA  71373
(318) 336-9676
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Eleanor Ann Davis Elders, Larry S. Elders, Carolyn Davis Huffman,
    Walter B. Huffman, Jr., and Katherine Grace Davis

William A. Yarbrough
109 Carter Street
Vidalia, LA  71373
(318) 715-3006
Counsel for Defendant/Appellant:
    Unopened Succession of Olga K. Davis

**PAINTER, Judge.**

Plaintiffs filed this suit seeking a declaratory judgment that the mortgage on a certain parcel of immovable property in Catahoula Parish had been cancelled pursuant to a provision in the deed which became applicable upon the death of the vendor, Olga K. Davis. The trial court found in favor of Plaintiffs and ordered that the remaining balance be declared paid and that the corresponding mortgage and vendor's lien be canceled. The unopened succession of the vendor now appeals. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Eleanor Ann Davis Elders, Larry S. Elders, Carolyn Davis Huffman, Walter B. Huffman, Jr., and Katherine Grace Davis, filed a petition for declaratory relief in Concordia Parish against the Unopened Succession of Olga K. Davis. Plaintiff sought a cancellation, effective as of the date of death of Olga K. Davis, of a certain promissory note given to Davis on March 15, 1996, in the amount of $143,045.09. The note represented the credit portion of the consideration due by Plaintiffs to Davis, a resident of Concordia Parish, for the purchase of property in Catahoula Parish.

The parties stipulated to the following facts:

1.  That during her lifetime, Olga K. Davis did on March 15, 1996 execute a credit sale deed in favor of the Plaintiffs whereby the deceased's undivided one-half (1/2) interest in certain properties situated in Catahoula Parish, Louisiana was conveyed to the Plaintiffs.

2.  That the consideration to be paid by the Plaintiffs to Olga K. Davis was stated to be the sum of $155,750.00, payable as follows:

    TEN THOUSAND THREE HUNDRED TWENTY-NINE and 53/100 ($10,329.53) DOLLARS cash in hand paid, the

1

receipt which is hereby acknowledged, and the balance of ONE HUNDRED FORTY THREE THOUSAND FORTY-FIVE and 09/100 ($143,045.09) DOLLARS, in One (1) note of said purchaser, dated with this act to the order of this vendor, due and payable in Fifty One (51) equal quarterly installments of FOUR THOUSAND and NO/100 ($4,000.00) DOLLARS beginning on the 15th day of March, 1996, and continuing on each quarter thereafter until paid in full, with a final payment of TWO THOUSAND FIVE HUNDRED FORTY-SEVEN and 12/100 ($2,547.12) DOLLARS, being due on the fifty-second quarter which note bears Six Percent (6%), per annum interest from date of this act, and paraphed "Ne Varietur" of this date by me, Notary, to identify the same herewith.

3. The credit sale deed mentioned in the preceding paragraph was filed and recorded at COB 186, page 27 and MOB 176, page 344 under Document No. 234258 of the records of the Clerk of Court in and for Catahoula Parish, Louisiana.

4. That while Plaintiffs have paid each and every installment which has become due under the terms of the promissory note in the amount of $143,045.09 which is described in paragraph 4 of this petition, the credit sale deed referenced above also contained the following stipulation relative to said note, to-wit:

"Vendor desires that the above described note automatically be cancelled upon her death and the note be returned to the vendees."

5. That at the time of the death of Olga K. Davis, payments totaling $26,547.12 were owed on said note, and there was never any indication that said note was transferred or otherwise conveyed to anyone by Olga K. Davis prior to her death.

6. That as a consequence of the special mortgage in vendor's privilege reserved in favor of Olga K. Davis in the credit sale deed referred to in paragraph 4 above, and the failure of said note to be cancelled and the lien against the property affected thereby terminated, a justiciable controversy exists between the Plaintiffs and the Unopened Succession of Olga K. Davis.

7. That while the last will and testament of Olga Davis (Olga Kathleen Davis) dated July 16, 1997, has not been admitted to probate, a copy of said last will and testament is attached. It contains no express disposition regarding the settlement and/or cancellation of the indebtedness owed to Olga Davis by the

2

Plaintiffs, and the parties know of no other document which purports to be the last will and testament of Olga K. Davis.

8. That William A. Yarbrough, Attorney at Law, 109 Carter Street, Vidalia, Louisiana, 71373, was appointed to represent the Unopened Succession of Olga K. Davis, and pursuant to the provisions of Louisiana Code of Civil Procedure Art. 5091 (B), said attorney at law is the proper representative of the Unopened Succession of Olga K. Davis to the same extent as if he were the regularly appointed and duly qualified administrator or executor in such decedent's succession.

9. That while the collectibility of the stated balance of said note is an issue in this case, the Plaintiffs have, pursuant to an order of the court, deposited into the registry of this Court pending disposition of this cause, the June 15, 2007 installment, the September 15, 2007 installment, and the December 15, 2007 installment.

10. That while Katherine Grace Davis was included as a party plaintiff in this suit, she was deceased at the time of the filing of said suit. However, and as evidenced by the attached copy of the Judgment of Possession rendered in her succession proceedings, Docket No. 39392A of the Seventh Judicial District Court in and for Concordia Parish, Louisiana, Eleanor Ann Davis Elders and Carolyn Davis Huffman were recognized as the sole beneficiaries of the Succession of Katherine Grace Davis.

Thus, according to the parties, the only issue was:

Assuming that the position of Eleanor Ann Davis Elders and Carolyn Davis Huffman to the effect that the "cancellation upon death" clause contained in the attached credit sale deed was a negotiated element of the total consideration to be paid to Olga K. Davis, is said cancellation clause nonetheless unenforceable due to the fact that it was no made part of any express testamentary disposition contained in the last will and testament of Olga Davis dated July 16, 1997.

The matter was taken under advisement upon the filing of the stipulation. The trial court ruled in favor of Plaintiffs. Defendant now appeals, asserting that the trial court erred in finding that the balance due under the credit sale deed at decedent's death was fully paid and satisfied and that the Clerk of Court should cancel and erase the special mortgage and vendor's lien. Defendant argues that that under Civil Code

3

article 1467, property cannot be disposed of gratuitously except by donation inter vivos or mortis causa made in legally acceptable form. Defendant further contends that even if the clause at issue was a negotiated element of the contract, it is, in effect, a donation mortis causa which is invalid because it is not "in the form of a testament authorized by law" as required by La.Civil Code art. 1570.

Plaintiffs, on the other hand, argue that succession provisions are not applicable and that this is an express remission rather than a donation mortis causa. Plaintiffs assert that La.Civil Code arts. 1888 and 1890 apply such that this express remission is effective.

## DISCUSSION

Louisiana Civil Code Article 1467 provides that "[p]roperty can neither be acquired nor disposed of gratuitously except by donations inter vivos or mortis cause, made in one of the forms hereafter established." However, we find that it is significant that the cancellation upon death clause contained in the deed was made contemporaneously with the execution of the note in favor of Olga K. Davis. We agree with Plaintiffs contention that the balance on the note was not disposed of gratuitously because it was a negotiated element of the underlying contract. Accordingly, this is a matter of contract rather than of donation such that the provisions of La.Civ. Code arts. 1888 and 1890 apply. Those articles state as follows:

**Art. 1888. Express or tacit remission**

A remission of debt by an obligee extinguishes the obligation.
That remission may be express or tacit.

**Art. 1890. Remission effective when communication is received by the obligor**

A remission of debt is effective when the obligor receives the communication from the obligee. Acceptance of a remission is always

4

presumed unless the obligor rejects the remission within a reasonable time.

We find that all of those requirements have been met in this case and that the express remission of debt is valid. Therefore, we affirm the trial court's ruling.

## DECREE

For the foregoing reasons, we affirm the trial court's ruling in its entirety. Costs of this appeal are assessed to Defendant.

**AFFIRMED.**

NUMBER 09-132

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

ELEANOR ANN DAVIS ELDERS, ET AL.

VERSUS

UNOPENED SUCCESSION OF OLGA K. DAVIS

AMY, J., dissenting.

Ms. Davis identified her "desire" that the "note automatically be cancelled upon her death and the note be returned to the vendees." The majority finds that this statement was a negotiated element of the underlying contract and was not gratuitous in nature. Accordingly, the majority finds no violation of La.Civ.Code art. 1467, which provides that "[p]roperty can neither be acquired nor disposed of gratuitously except by donations inter vivos or mortis causa, made in one of the forms hereafter established."

In my view, the cancellation clause fits squarely within the definition of a donation mortis causa as it was "an act to take effect at the death of the donor by which he disposes of the whole or a part of his property." La.Civ.Code art. 1469. Although tentatively expressed as a "desire," the clause anticipated the occurrence of an act that would take effect only at her death. It would dispose of a portion of Ms. Davis's property at that time. It is clear that the cancellation clause was not in a form prescribed either by Article 1467, quoted above, or La.Civ.Code art. 1570, which provides that "[a] disposition mortis causa may be made only in the form of a testament authorized by law." Accordingly, I conclude that the trial court erred in finding the clause enforceable and in canceling the associated mortgage and lien.

For these reasons, I respectfully dissent.